[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2132

 UNITED STATES,

 Appellee,

 v.

 EDWIN COLON,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Reginald C. Lindsay, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Boudin and Stahl, Circuit Judges. 

 

Valeriano Diviacchi and Diviacchi Law Office on brief for 
appellant.
Donald K. Stern, United States Attorney, and Robert E. 
Richardson, Assistant United States Attorney, on brief for appellee. 

 

 September 8, 1997
 

 Per Curiam. Appellant Edwin Colon was convicted in the 

District of Massachusetts of being a felon in possession of a

firearm and of possession of an unregistered silencer. We

address his two challenges.

 1. Jury selection 

 Appellant argues the district court committed reversible

error when it allowed the government to exercise a seventh

peremptory challenge in violation of Rule 24(b) of the

Federal Rules of Criminal Procedure.

 Rule 24(b) prohibits granting additional peremptory

challenges to the government. New England Enterprises, Inc. 

v. United States, 400 F.2d 58, 68 (1st Cir. 1968). Thus, it 

was error for the district judge to grant an additional

challenge to the government. Yet a reversal is not in order

unless the issue was preserved for appeal. Id.  

 In United States v. Projansky, 465 F.2d 123 (2d Cir. 

1972), the court explained what was required in order to

preserve the issue for appeal. In that case, the defendants'

counsel did object to the government's receipt of additional

challenges, yet counsel did not state the grounds for the

objection or mention Rule 24(b). Id. at 140. The court held 

that since counsel had not alerted the district court to the

restrictions of Rule 24(b), counsel had not preserved the

issue for appeal. Id. 

 -2-

 Similarly, defendant's counsel here did not alert the

judge to the reason for her objection. She did not cite Rule

24(b) or argue that the court lacked authority to grant the

additional challenge. Instead, she only argued that it was

"unfair." This is not sufficient under New England 

Enterprises and Projansky. The judgment of conviction will 

be affirmed.

 2. Sentencing 

 Secondly, appellant argues the district court erred in

finding he "used or possessed" a firearm in connection with

another felony (possession of cocaine with intent to sell),

and so the court should not have enhanced his base offense

level under U.S.S.G. 2K2.1(b)(5). 

 The firearm in question--a loaded, .22 caliber revolver-

-was located in defendant's nightstand in the master bedroom.

The district court's conclusion that the loaded revolver was

kept to protect the cocaine stored in the house is reviewed

for clear error. United States v. Thompson, 32 F.3d 1, 4 

(1st Cir. 1994). We find none. It is reasonable to conclude

that the defendant kept the revolver in his nightstand to

protect his valuables, including his cocaine, should someone

break into his home.

 This court must also determine whether the keeping of a

revolver to protect a supply of drugs meets the requirement

of U.S.S.G. 2K2.1(b)(5) that the firearm be used or

 -3-

possessed "in connection with" a felony. Review of an

interpretation of a Sentencing Guideline is de novo. 

Thompson, 32 F.3d at 4. 

 In United States v. Brewster, 1 F.3d 51 (1st Cir. 1993), 

we examined when a firearm is possessed "in connection with"

drug trafficking under U.S.S.G. 2K2.1(b)(5). We held that

some nexus between the firearm and the other felony is

required, but that the language of the Guideline should be

interpreted broadly. Brewster, 1 F.3d at 54-55. "The 

combination of firearms and drugs is common, and the

guideline encompasses the many logical links which exist

between the use of firearms and drugs." Thompson, 32 F.3d at 

8.

 Here, a logical link exists between the storing of a

large amount of cocaine for purposes of sale and the keeping

of a loaded revolver to protect those drugs from theft. The

district court did not commit error when it enhanced Colon's

base offense level pursuant to U.S.S.G. 2K2.1(b)(5).

 AFFIRMED. 

 -4-